UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DAVID PRESCOTT,           )
                          )
    Petitioner,            )
                          )
v.                        )   Case No. CV406-133
                          )
THALRONE WILLIAMS, Warden,)
                          )
    Respondent.            )

### REPORT AND RECOMMENDATION

Petitioner filed the instant petition on May 24, 2006, challenging his state court conviction pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the instant petition for lack of exhaustion. Doc. 8. Because it appears that petitioner has exhausted available state remedies, the motion is DENIED.

Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court."). A state prisoner is required to allow the state court an opportunity to

correct a constitutional error before a federal court may consider the case. Id. at 843.

Here, petitioner was convicted by the Chatham County Superior Court on December 1, 2003.[1] Petitioner states in his petition that he filed an appeal with "Wilcox State Prison" and an out of time appeal with "Chatham County." It is unclear whether petitioner attempted to appeal his conviction in a proper forum, but neither the Wilcox State Prison nor Chatham County is an appellate court, and respondent states that petitioner did not pursue a direct appeal. Docs. 7, 9. Nothing in respondent's exhibits indicates that petitioner appealed his conviction.

Petitioner, however, filed a state habeas corpus petition on August 3, 2004 challenging the conviction, which a state superior court denied on October 27, 2004. Resp. Ex. 1, 2. Petitioner then filed an application for a certificate of probable cause to appeal in the Georgia Supreme Court, which was docketed on November 5, 2004. Resp. Ex. 3. Respondent contends in his motion to dismiss that the application remains pending and, therefore, that petitioner has yet to exhaust his state remedies. The Court

---

[1] While petitioner asserts in his petition that he was convicted on December 1, 2004, the sentencing order signed by the superior court judge indicates that he was convicted on December 1, 2003. Resp. Ex. 1.

has determined, however, that the Supreme Court of Georgia denied petitioner's application for a certificate of probable cause on July 13, 2006, over twenty months after it was docketed, and four days before respondent filed the instant motion to dismiss. Prescott v. Johnson, No. S05H0438 (Ga. July 13, 2006), available at <http://www.docketsearch.supreme.courts.state.ga.us/docket/DocketAdmin?docketNbr=S05H0438&cmd=docketDetails>. Consequently, petitioner has exhausted his state remedies.[2]

Accordingly, respondent's motion to dismiss should be DENIED and the respondent is DIRECTED to file a brief addressing the grounds of the instant petition within thirty days.[3]

**SO REPORTED AND RECOMMENDED** this 23rd day of August, 2006.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] A habeas petitioner generally must have exhausted state remedies at the time he files his federal habeas petition. 28 U.S.C. § 2254(b) and (c). In this case, however, petitioner's application was pending for over a year and a half in the Georgia Supreme Court before he sought federal habeas relief. The Eleventh Circuit has held that the exhaustion doctrine should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991). Such a delay of over eighteen months, without explanation, may excuse the lack of exhaustion.

[3] Petitioner has filed a motion for default judgment asserting that respondents had not filed an "answer or other defense." Doc. 13. Respondent has filed his answer (doc. 7), and petitioner is not entitled to a default judgment. Petitioner's motion for default judgment is DENIED.